**NOT FOR PUBLICATION**

**FILED**

AUG 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS MUNOZ-MORENO, AKA Juan Munoz Moreno Sousa, AKA Juan Carlos Munoz, | No. 16-72617 |
| Petitioner, | Agency No. A205-158-244 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Juan Carlos Munoz-Moreno, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition.

Even if Munoz-Moreno's asylum claim is not time-barred, *see* 8 U.S.C. § 1158(a)(2)(B), substantial evidence supports the BIA's conclusion that it would fail on its merits. Munoz-Moreno claims he fears he will be persecuted on account of his membership in three social groups: (1) "the Munoz family"; (2) "person[s] with tattoos who could be confused as being a gang member by the police"; and (3) "people who grew up in the United States after leaving Mexico as a child." Although Munoz-Moreno raised the first social group, "the Munoz family," before the IJ, he did not appeal it to the BIA, so we have no jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). The BIA did not err in finding that Munoz-Moreno failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that

the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Additionally, substantial evidence supports the BIA's conclusion that any persecution Munoz-Moreno might suffer because his tattoos are mistaken for gang tattoos would bear no nexus to any protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground). Thus, Munoz-Moreno's asylum and withholding of removal claims fails.

Substantial evidence supports the agency's denial of CAT relief because Munoz-Moreno failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**